UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY ELLIOTT,

        Plaintiff,

v.                                     Case No. 1:08-cv-702
                                     Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this pro se action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  This matter is now before the court on defendant's motion to dismiss the complaint as untimely (docket no. 5).

### I.    Background

Plaintiff filed an application for disability insurance benefits (DIB) on November 24, 2005, alleging disability beginning on January 27, 2004.  ALJ's Decision (Nov. 13, 2007) (docket no. 6-2).  The ALJ denied plaintiff's claim and found that plaintiff was not disabled as defined in the Social Security Act.  *Id.*  The Appeals Council denied plaintiff's request for review on May 15, 2008.  Notice of Appeals Council Action (May 15, 2008) (docket no. 6-2).  Plaintiff filed her complaint to appeal this decision on July 25, 2008.  *See* docket no. 1.

Defendant contends that the complaint should have been filed on or before July 18, 2008 and seeks to dismiss the complaint as untimely.  Defendant's counsel states that he contacted plaintiff's counsel pursuant to W.D. Mich. LCivR 7.1(d), and that plaintiff's counsel opposed the

motion to dismiss at that time.  Defendant's motion to dismiss at ¶ 4.  Plaintiff, however, has not

filed a response in opposition to this motion.

### II.      Legal standard

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g),

which provides in pertinent part:

> Any individual after any final decision of the Commissioner made after  a
> hearing to which he was a party . . . may obtain a review of such decision by a civil
> action commenced within sixty days after the mailing to him of notice of such
> decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).

The regulations further provide that such a civil action:

> must be instituted within 60 days after the Appeals Council's notice of denial of
> request for review of the administrative law judge's decision . . . is received by the
> individual. . . For purposes of this section, the date of receipt of notice of denial of
> request for review of the presiding officer's decision . . . shall presumed to be 5 days
> afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

The statute of limitations as set forth in § 405(g) serves the dual purpose of

eliminating stale clams and providing "a mechanism by which Congress was able to move cases to

speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of

New York*, 476 U.S. 467, 481 (1986).  However, this limitation is not jurisdictional and is subject

to equitable tolling.  *See Bowen*, 476 U.S. at 478-80; *McMahan v. Barnhart*, 377 F. Supp. 2d 534,

535 (W.D. Va. 2005).  No such defense has been raised in this case.

Defendant brings this motion pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6) for lack

of subject matter jurisdiction.  Because the sixty-day limitation is not jurisdictional, the court will

view this motion as brought pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which

relief can be granted).  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)

("[w]hile the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based

on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that

relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for

failure to state a claim upon which relief can be granted").

### III.    Discussion

The Appeals Council denied plaintiff's request for review on May 15, 2008.

Plaintiff's complaint should have been filed within 65-days, i.e., on or before July 19th.  The court

record reflects that plaintiff's complaint was untimely, having been filed six days late on July 25th.

Courts have strictly construed the statute of limitations in Social Security appeals.  "Even one day's

delay in filing the action is fatal."  *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976);

*Davidson v. Secretary of Health, Education and Welfare*, 53 F.R.D. 270, 271 (N.D. Okla. 1971).

*See also Watson v. Commissioner of Social Security*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007)

(appeal dismissed as untimely when filed four days late);  *Zampella v. Barnhart*, No. 03-232-P-C,

2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays

of a single day have been held to require dismissal");  *White v. Secretary of Health, Education &*

*Welfare*, 56 F.R.D. 497, 498 (N.D. N.Y. 1972).  Based on this record, plaintiff's untimely complaint

should be dismissed.

### III.   Recommendation

I respectfully recommend that defendant's motion to dismiss (docket no. 5) be

**GRANTED** and that the complaint be dismissed as untimely.


Dated:  May 5, 2009                                    /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge




ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).