UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDY ELLIOTT,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

CASE NO. 1:08-CV-702

HON. ROBERT J. JONKER

**ORDER**

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 8) and Plaintiff Wendy Elliott's Objection to the Report and Recommendation (docket # 9). Where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rule provides that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981).

The court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct. The Report and Recommendation recommends dismissing the Ms. Elliott's complaint as untimely because she filed the complaint six days late. (Report and Recommendation, docket #8, pg. 4.) Ms. Elliott acknowledges the filing was late, but she argues her claim should go forward anyway. In particular, Ms. Elliott raises two objections. Neither has merit.

Ms. Elliott first claims that the Magistrate Judge improperly dismissed her complaint as untimely because it was put in the mail no later than July 9, 2008, which was sufficient to ensure that the complaint would arrive by July 19, 2008 when it was due. (Request for Relief from Report and Recommendation, docket # 9, at 6.) The complaint did not actually arrive until July 25, 2008. (*Id*.) There is no dispute that Ms. Elliot's complaint was due no later July 19, 2008, and that it was actually filed on July 25. The date of mailing is irrelevant to the limitations analysis. The date of actual filing controls. The Court has no power—under Rule 60 or otherwise—to alter the actual limitations period or the requirement of actual filing.

Ms. Elliott's second objection is that equitable tolling should apply. (Request for Relief from Report and Recommendation, docket #9, at 14.) She states that equitable tolling would allow a filing six days late with no prejudice to the Defendant. (Request for Relief from Report and Recommendation, Answer to Motion to Dismiss, docket #9, at 3.) Equitable tolling is permissible in Social Security cases, but Ms. Elliott has not made a case for it here. In *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 437 (6th Cir.

2007), the Sixth Circuit reaffirmed that not all situations of late filing—even by a few days—are entitled to equitable tolling. Ms. Elliott claims she mailed the papers on July 9, 2008, but this claim alone is insufficient to establish tolling. She makes no claim of following up to ensure the case was actually filed. Nor does she explain any facts that would have prevented her from filing by hand delivery. She offers no explanation for failing to respond at all to defendant's motion to dismiss before the Magistrate Judge. In short, there are no "compelling equitable considerations" on this record to warrant application of equitable tolling, *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir. 2001), and Ms. Elliott has failed to demonstrate that a balance of the relevant factors weighs in favor of equitable tolling. *Cook, supra* at 437.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 8) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss (docket # 5) is **GRANTED**.

Dated:     August 6, 2009            /s/ Robert J. Jonker
                                                              ROBERT J. JONKER
                                                             UNITED STATES DISTRICT JUDGE